**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARRYL S. LYONS,

      Petitioner-Appellant,

v.

L.E. BRUCE, Warden, Kansas
Department of Corrections and
CHARLES SIMMONS, Secretary of
Corrections,

      Respondents-Appellees.

No. 97-3162
(D.C. No. 97-CV-3225)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Darryl Lyons appeals the district court's order construing his civil rights action as a petition for a writ of habeas corpus and dismissing the action for failure to exhaust remedies.  As plaintiff has not shown the denial of a constitutional right, we deny his application for a certificate of appealability.

We first examine our jurisdiction.  Plaintiff filed his initial notice of appeal on May 20, 1997, the same day he filed his complaint.  This notice of appeal was clearly premature as the district court had not yet rendered a decision.  On May 29, 1997, the district court entered judgment dismissing plaintiff's appeal, and on June 6, 1997, plaintiff filed a motion for rehearing, construed as a motion to alter or amend.  On June 30, 1997, plaintiff filed an amended notice of appeal.  Pursuant to Fed. R. App. P. 4(a)(4), plaintiff's second notice of appeal ripened when the district court denied his motion to alter or amend on August 28, 1997.  See Breeden v. ABF Freight Sys., Inc., 115 F.3d 749, 752 (10th Cir. 1997).  We have jurisdiction, therefore, to consider this appeal.

To appeal the district court's judgment, plaintiff must obtain a certificate of appealability.  See 28 U.S.C. § 2253(c)(1).  Such a certificate will issue only upon "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).

-2-

Plaintiff has not shown the district court deprived him of a constitutional right by construing his § 1983 action as a habeas petition requiring exhaustion.

Plaintiff's complaint sought to have his indeterminate sentence converted to a determinate sentence and requested an order for release ninety days after his parole hearing and $750.00 in damages for every day he is held after that date. See R. I, doc. 1, at 5. In Preiser v. Rodriguez, 411 U.S. 475, 487-90, 500 (1973), the Supreme Court held a prisoner's exclusive remedy is a writ of habeas corpus where, as here, he challenges the fact or duration of his imprisonment and seeks a determination that he is eligible for immediate or speedier release from prison.

Plaintiff's request for damages does not change this result, as a judgment in his favor would necessarily imply the invalidity of the sentence under which he is being held. See Edwards v. Balisok, 117 S. Ct. 1584, 1588-89 (1997) (holding § 1983 damages claim for use of improper procedures in depriving good-time credits not cognizable as it necessarily implied punishment invalid); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding § 1983 damages claim not cognizable if judgment in favor of plaintiff would necessarily imply invalidity of conviction or sentence).

Plaintiff also has not shown the district court's finding of nonexhaustion deprived him of a constitutional right. As a state prisoner, plaintiff was required to exhaust his state remedies before seeking habeas relief from this court. See

28 U.S.C. § 2254(b)(1)(A). Because it is undisputed that he has not done so, the dismissal of plaintiff's action did not deprive him of any constitutional rights.

Plaintiff's application for a certificate of appealability is DENIED. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge